a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RAJWINDER SINGH NATT, Petitioner | CIVIL ACTION NO. 1:20-CV-427-P |
| VERSUS | JUDGE DRELL |
| CHAD WOLF, *ET. AL.*, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is an Emergency Motion to Stay (ECF No. 2) filed by Petitioner Rajwinder Singh Natt ("Natt"). Natt is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Correctional Center in Jena, Louisiana. ECF No. 1. Natt previously filed a Motion to Stay in conjunction with a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court, which was denied. Docket No. 20-CV-261, ECF No. 11.

Because this Court lacks jurisdiction to grant the relief requested, the Emergency Motion to Stay (ECF No. 2) should be DENIED.

I. Background

Natt is a native and citizen of India. ECF. No. 2 at 1-2. Natt entered the United States and immediately expressed a fear of returning to India. *Id.* Natt was referred for a credible fear interview with an asylum officer. ECF No. 2 at 6. The asylum officer determined that Natt did not establish credible fear of persecution or torture under 8 C.F.R. 208.30. ECF No. 1-2 at 14. An immigration judge agreed with the findings of the asylum officer. ECF No. 1-2 at 2.

In his Emergency Motion to Stay (ECF No. 2), Natt asks that the Court stay his removal while the § 2241 Petition (ECF No. 1) is pending. Natt has also filed a notice indicating that the removal of detainees to India has resumed, so his removal is likely imminent. ECF No. 9. This Court has previously denied Natt's request for an emergency stay. *See* Docket No. 1:20-CV-261, ECF No. 11.

## II. Law and Analysis

Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctonal Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019). The Act further provides that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." 8 U.S.C. § 1252(e)(1). No subsequent paragraph of Section 1252(e)(1) specifically authorizes the Court to grant Natt injunctive relief.

In accord, the United States Court of Appeals for the Fifth Circuit has routinely held that the REAL ID Act strips district courts of jurisdiction to consider requests for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*)

("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings."); *see also Alvarado-Zamarripa v. Warden, IAH Secure Det. Facility*, 1:17-CV-402, 2019 WL 1301992, at *2 (E.D. Tex. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1301910 (E.D. Tex. Mar. 20, 2019) (district court lacked jurisdiction to consider request for stay of removal).

### III. Conclusion

Because this Court lacks jurisdiction to stay Natt's removal, IT IS RECOMMENDED that the Emergency Motion to Stay (ECF No. 2) be DENIED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this 10th day of June 2020.

                                           _____
                                           JOSEPH H.L. PEREZ-MONTES
                                           UNITED STATES MAGISTRATE JUDGE